UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE R. WALKER,<br><br>    Plaintiff,<br><br>  v.<br><br>FRED MEYER STORES aka FRED MEYER STORE #683.<br><br>    Defendant. | CASE NO. 11-cv-06042-JRC<br><br>MEMORANDUM AND ORDER RE: PARTIES' STIPULATION FOR PROTECTIVE ORDER |

  THIS MATTER comes before the Court on a Stipulated Proposed Protective Order (ECF No. 20) in which the parties have asked the Court to limit the disclosure of "confidential" information (id. at page 10). The Court is unable to adopt the proposed order because the parties have not established "good cause" in accordance with Fed. R. Civ. P. 26(c).

  A protective order will not be signed by the court unless "good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Pintos v. Pac Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009). A court is required to evaluate good cause before agreeing to a protective order. See, e.g., Fultz v. State Farm Mutual Auto Insurance Co., 331 F.3d 1122, 1130 (9th Cir. 2003), *citing* Philips v.

1  General Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002) *and* San Jose Mercury

2  News, Inc. v. United States District Court, 187 F.3d 1096, 1102 (9th Cir. 1999).

3  Even when the parties stipulate to the entry of a protective order, the Court may only sign

4  a protective order upon a showing a good cause. Kamakama v. City and County of Honolulu,

5  447 F.3d 1172, 1176 (9th Cir. 2006) (stipulating to protective order insufficient to make

6  particularized showing of good cause, as required by Rule 26(c)); Philips, supra, 307 F.3d at

7  1210-11. See also, Makarv Wellbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis.

8  1999).

9  Here, the parties are before the court on a personal injury case in which the plaintiff

10 claims that she injured herself when she slipped and fell in defendant's grocery store as a result

11 of defendant's negligence (ECF No. 1, page 9). The parties stipulated proposed protective order

12 sheds no light on the need for confidentiality on behalf of either the plaintiff or defendant.

13 Instead, the order begins with a definition of terms, including a definition of "Confidential

14 documents," which provides in part that the parties have complete discretion to identify any

15 documents that the party believes in good faith is confidential or sensitive. (ECF No. 20, page

16 1). If any document is stamped "Confidential," then it cannot be submitted to the Court except

17 under seal until and unless the Court orders the document unsealed (id. at page 6, paragraph 13).

18 Therefore, there is a presumption of confidentiality. The parties have asked the Court to enter

19 into the protection of these documents without any showing of good cause.

20 Although the Ninth Circuit stated in dicta recently that a court need not make a finding of

21 good cause when the parties have stipulated to a protective order, see In re Roman Catholic

22 Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011), the court cited no

23 authority for that proposition. Id. Furthermore, the same panel also recognized that under Rule

24

1  26(c) any motion for a protective order may only be issued "for good cause" in order to protect a
2  party or person from annoyance, embarrassment, oppression, or undue burden or expense. Id.
3  The parties have made no such showing here. The rest of the Ninth Circuit authority consistently
4  has ruled that the parties are required to make a showing of good cause before limiting the
5  disclosure of information. See infra, at pages 1-2. There is a value to the openness of our court
6  system. It promotes accountability, sheds light on matters of public importance, and has always
7  been the hallmark of our independent judicial system. While confidentiality may be necessary in
8  certain circumstances, it should not be assumed or granted without good cause.

9  In any revised stipulated protective order submitted to the Court, the parties must include
10 information demonstrating good cause for entry of a protective order pertaining to the documents
11 or information described in the order.

12 IT IS SO ORDERED.

13 Dated this 15th day of May, 2012.

*[signature]*

J. Richard Creatura
United States Magistrate Judge