UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE R. WALKER,<br><br>    Plaintiff,<br><br>  v.<br><br>FRED MEYER STORES aka FRED MEYER STORE #683,<br><br>    Defendant. | CASE NO. 11-cv-06042 JRC<br><br>ORDER EXCLUDING PLAINTIFF'S EXPERT WITNESS TOM BAIRD |

  This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. (*See* Consent to Proceed Before a United States Magistrate Judge, ECF No. 8).

  This matter comes before the Court based on Defendant's Motion to Exclude Plaintiff's Expert Witness Tom Baird. The Court has reviewed Defendant's Motion (ECF No. 25), the Declaration of Ryan P. Boyle (ECF No. 26), and Defendant's Reply (ECF No. 27). Plaintiff filed no responsive pleadings.

1  This Court entered a Scheduling Order requiring the disclosure of Rule 26(a)(2)(B) Expert Witness Reports by August 30, 2012 (ECF No. 19). Plaintiff failed to send Defendant any expert report for Tom Baird until October 7, 2012 (ECF No. 26, Exhibit E).

Federal Rule of Civil Procedure 37(c)(1) provides in part:

> *Failure to disclose or supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.

The burden is on plaintiff to show that her failure to comply with the rule was "substantially justified" or "harmless." Plaintiff has failed to meet that burden.

Therefore, Defendant's Motion (ECF No. 27) is GRANTED and Plaintiff is precluded from calling Tom Baird as an expert witness at trial.

Dated this 5th day of November, 2012.

J. Richard Creatura
United States Magistrate Judge

ORDER EXCLUDING PLAINTIFF'S EXPERT
WITNESS TOM BAIRD - 2