1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   MICHELLE R. WALKER,

11                  Plaintiff,                    CASE NO. 11-cv-06042-JRC

12         v.                                     ORDER ON PLAINTIFF'S
                                                  MOTIONS
13   FRED MEYER STORES,

14                  Defendant.

15
          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and
16
     Local Magistrate Judge Rule MJR 13. (See also Notice of Initial Assignment to a U.S.
17
     Magistrate Judge and Consent Form, ECF No. 6; Consent to Proceed Before a United States
18
     Magistrate Judge, ECF No. 8.)
19
          This matter comes before the Court based on Plaintiff's Motion for Extension of Time
20
     to Complete Discovery (ECF No. 29), Plaintiff's Motion for Reconsideration (ECF Nos. 30,
21
     31) and Plaintiff's Motion to Remand (ECF No. 32).  The Court, having reviewed the
22
     motions, Defendant's Response to Plaintiff's Motion for Extension of Time to Complete
23

24

Discovery (ECF No. 33) and Defendant's Response to Plaintiff's Motion to Remand (ECF No. 34), makes the following rulings.

Plaintiff's Motion for Extension of Time to Complete Discovery  (ECF No. 29).  The Court's scheduling order provided, among other things, that **"No requests for continuance will be considered unless timely made and supported by a showing of good cause."**  ECF No. 19.  Plaintiff's request was not timely made nor supported by a showing of good cause.  Therefore, the motion for extension of time is DENIED.

Plaintiff's Motion for Reconsideration (ECF Nos. 30, 31).  While plaintiff's counsel has presented a reasonable explanation[1] for missing the deadline for filing a response to the original motion to exclude (ECF No. 25), plaintiff's counsel has failed to provide any acceptable explanation regarding why plaintiff's counsel failed to provide the necessary expert report on a timely basis.  Motions for reconsideration will only be considered if the moving party can demonstrate that she has a viable defense to the motion.  Plaintiff has failed to make such a showing here.  Plaintiff's motion for reconsideration is DENIED.

Plaintiff's Motion to Remand (ECF No. 32).  This Court has previously denied plaintiff request for remand (ECF No. 16).  The only new information submitted by plaintiff to support this new motion is plaintiff counsel's affidavit stating that "The damages sought in this case will not reach the $75,000.00 threshold."  (ECF No. 32.1) Defendant correctly points out that events occurring subsequent to the institution of the suit will not usually

---

[1] It should be noted that plaintiff's counsel has failed to submit an affidavit to support her explanation of the events related to her motion for reconsideration.  The Court ordinarily will not consider factual assertions set forth in legal memoranda without a sworn affidavit.  Nevertheless, since the Court is not inclined to grant plaintiff's motion even if it was properly submitted with a supporting affidavit, the Court will consider the factual assertions of counsel in the memorandum as a verity.

1  divest the court of jurisdiction.  In a case almost identical to this case, *Garrison v. Merchant*

2  *& Gould, P.C.*, 2011 U.S. Dist. LEXIS 26367, 3-4, plaintiff had filed a complaint in state

3  court that had failed to specify the amount of damages sought.  In federal court, plaintiff

4  submitted an affidavit stating that damages did not exceed $75,000.  Magistrate Judge

5  Donohue provided the following analysis, which this Court finds persuasive:

> Although [plaintiff] reduced the amount in controversy below $75,000 during the course of this litigation by conceding several claims, a reduction of the amount in controversy following removal does not divest this Court of jurisdiction **[*4]** because "the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust [federal] jurisdiction," including a situation where "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount[.]"); *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (noting that post-removal amendments to a complaint cannot divest a court of federal jurisdiction).

Id. at 3-4.

> For these reasons, plaintiff's second motion to remand is DENIED.

> Dated this 11th day of December, 2012.

J. Richard Creatura
United States Magistrate Judge